98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Albert COLVERT, Defendant-Appellant.
 No. 96-35330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Albert Colvert, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his criminal conviction on double jeopardy grounds. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Colvert contends that his criminal conviction violated the Double Jeopardy Clause because he had already been punished for the same conduct through prior federal administrative forfeiture proceedings. This contention is foreclosed by United States v. Ursery, 116 S.Ct. 2135, 2138-49 (1996).
 
 
 4
 Colvert additionally contends that his criminal conviction violated the Double Jeopardy Clause based on a prior in rem civil forfeiture action brought by Pierce County, Washington pursuant to Wash.Rev.Code § 69.50.505(b) and Wash.Rev.Code § 34.04.090. Applying the analytical framework set forth in Ursery, we conclude that the state in rem civil forfeiture was "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." id. at 2149. Accordingly, Colvert's criminal conviction did not violate the Double Jeopardy Clause.[1]
 
 
 5
 Because we affirm the district court's denial of Colvert's motion under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Colvert's request for oral argument and opposition to motion for submission on the briefs is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we reject Colvert's double jeopardy claim, we need not decide whether the district court arbitrarily denied Colvert the opportunity to file a traverse to the government's response